UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK ALLEN SILVA,

                Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

                Defendant.

Case No. C24-5485-BHS-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Mark Silva is proceeding with this action *pro se* and *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint and the balance of the record, concludes that Plaintiff has not stated any claim upon which relief may be granted under § 1983. The Court therefore recommends that Plaintiff's complaint and this action be dismissed, without prejudice, under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION

On June 20, 2024, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* dkt. # 1.) Plaintiff identified therein a single claim for relief in which he

REPORT AND RECOMMENDATION
PAGE - 1

alleged that he has been subjected to cruel and unusual punishment while in the custody of the Washington Department of Corrections ("DOC"). (Dkt. # 5 at 4-5.) Specifically, Plaintiff asserted that over the past three years, he has been transported on DOC chain buses approximately four times, and during those transports ankle restraints have been placed on his bare skin. (*Id.*) Plaintiff claimed that the restraints cut into his skin because his ankles are skinny. (*Id.*) Plaintiff explained that the cuts were not serious enough to require medical attention, but they did cause pain during the entirety of the "chain ride" and also while walking. (*Id.* at 5.) According to Plaintiff, he requested that officers put the restraints over the legs of his coveralls to prevent cuts, but those requests were denied. (*Id.*) Plaintiff asserted that he would experience pain not only during the bus rides, but also after the transport until the abrasions on his ankles healed. (*Id.*) Plaintiff identified the DOC as the only Defendant in his complaint. (*See id.* at 1, 3.) Plaintiff requested relief in the form of a directive that leg restraints be placed over his coveralls, and he also seeks monetary compensation for his pain and suffering. (*Id.* at 9.)

After reviewing Plaintiff's complaint, this Court concluded the complaint was deficient in ways that precluded the Court from directing service of the pleading on Defendants. Thus, on June 27, 2024, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting the deficiencies identified in the Order. (Dkt. # 6.) The Court identified two deficiencies therein.

First, the Court observed that the DOC, the only Defendant named in the complaint, was not a proper defendant in an action brought under § 1983. (*See* dkt. # 6 at 3-4.) The Court explained that if Plaintiff wished to pursue this action, he would need to name the individual DOC employees who caused the harm alleged in his complaint. (*Id.* at 4.) Second, the Court observed that Plaintiff's claim that he had been subjected to cruel and unusual punishment

implicated his rights under the Eighth Amendment, but he had not alleged sufficient facts to state a viable Eighth Amendment claim. (*Id*.)

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend this action be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). (Dkt. # 6 at 5.) To date, Plaintiff has filed no amended complaint. Because Plaintiff failed to state any viable claim for relief in his original complaint, and because he has not filed an amended complaint correcting the deficiencies identified by the Court, this action must be dismissed.

### III.     CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B), for failure to state any claim upon which relief may be granted under § 1983. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 17, 2024**.

DATED this 27th day of August, 2024.

*(signature)*

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4